IN THE MATTER OF THE ESTATE OF
ALBERT H. WELFARE, DECEASED.

ERNEST WELFARE AND VIOLET ROGAN, PLAINTIFFS-RESPONDENTS, v. NORMA B. PRESTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1966—Decided June 16, 1966.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Charles A. Cohen* argued the cause for appellant (*Messrs. Worth & Worth,* attorneys).

*Mr. Allen L. Scott* argued the cause for respondents (*Mr. James Logan, Jr.,* attorney).

PER CURIAM. Both sides on this appeal agree with the legal principle that when two pieces of real estate, each subject to the same mortgage, are conveyed to different parties on the same date, absent any provision to the contrary the mortgage debt is apportionable between the properties conveyed in proportion to their value at the time of the conveyance. *Stuyvesant Security Co. v. Dreyer,* 103 *N. J. Eq.* 457 (*Ch. Div.* 1928), affirmed o. b. 105 *N. J. Eq.* 585 (*E. & A.* 1930); *Dieckmann v. Walser,* 112 *N. J. Eq.* 46, 48 (*Ch. Div.* 1932), affirmed 114 *N. J. Eq.* 382 (*E. & A.* 1933).

The parties do not contest the application of this principle to devises of mortgaged real property under a will. The issue is only whether that general rule applies to this specific will contest. Defendant contends that it does since there is "nothing contained" in the testator's will that justifies departure therefrom. On the other hand, plaintiffs argue that the rule is not herein applicable because of "certain language in the testator's will indicating a contrary intent," and that the trial court was correct in considering certain "extrinsic evidence" contained in the stipulation of facts to support its conclusion that a different apportionment of the mortgage debt should be made.

█ Plaintiffs first argue that the facts that the testator devised the Riverside property to defendant "subject, however, to any liens or mortgages that may be against said premises at the time of my death," and that no similar provision was employed by him in the residuary devise under which plaintiffs received the Delran property, are "important" on the question of his testamentary intent with regard to the apportionment of the "blanket" mortgage debt between these two properties. We do not agree with this argument. Even without an express proviso, each property devised goes to the devisee encumbered by the debt of the mortgage to which it was subject. *N. J. S.* 3A:26–1. The issue is not whether

either of these properties is devised free from the mortgage lien but rather, as above stated, the proper apportionment between them. Plaintiffs concede that their property is liable for 3/10 of that debt and seek to hold defendant's property liable for 7/10 thereof, as held by the trial court. We conclude that the language of the will in the respect noted does not *ipso facto* throw any light on the testator's intent with regard to the issue before us.

Plaintiffs then attempt to support the trial court's determination on the basis of "extrinsic evidence." Reliance is had upon the stipulated facts concerning the manner in which the testator created the "blanket mortgage" and used the proceeds thereof. This mortgage was made on October 30, 1959 and was in the original amount of $10,000—$7,000 thereof was used as the purchase price of the Riverside property acquired by him on that day and devised to defendant by the will herein, and $3,000 was used to discharge an existing mortgage on the Delran property which he had previously owned, and which goes to plaintiffs under the residuary clause.

These facts do not in our judgment bear any relationship to his testamentary intention at the time he executed a will some three years and eight months thereafter. Thus, they shed no light on his later testamentary intent as to apportionment of the mortgage debt. See *In re Fox,* 4 *N. J.* 587, 594 (1950).

It is to be noted that if the apportionment contended for by plaintiffs was applied there would be $5,818.75 levied against defendant's property, worth only $6,000. We do not believe we can attribute an intention to the testator to give his "friend" so valueless a gift.

We conclude that, since there is no clear provision to the contrary in testator's will, the general rule of apportionment upon the basis of proportional value should be applied. *Sluyvesant, supra.* It has been stipulated that as of the date of testator's death plaintiffs' property was valued at $22,000 and defendant's at $6,000. Therefore, the present balance on

the mortgage should be apportioned so that plaintiffs pay 22/28 and defendant pays 6/28 thereof.

Judgment reversed and remanded to the trial court for the entry of a judgment in accordance herewith.